IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE HIGGINS, for herself and all others similarly situated,<br>           Plaintiff,<br>v.<br><br>BAYADA HOME HEALTH CARE, INC.<br>           Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Stephanie Higgins ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against Bayada Home Health Care, Inc. ("Defendant") concerning her acts and status upon her actual knowledge and concerning all other matters upon information, belief, and the investigation of her counsel:

**NATURE OF THE ACTION**

1. Plaintiff contends that Defendant is responsible for violating the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA") by knowingly classifying its home health Clinicians as overtime exempt and knowingly failing to pay them any overtime premium wages for the overtime work they performed despite knowing they were paid pursuant to a hybrid wage scheme that is plainly inconsistent with their classification as overtime exempt.

2. Plaintiff brings her FLSA claim on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as home health Clinicians for Defendant at any point during the maximum limitations period (the "FLSA class").

3. Plaintiff brings her PMWA claim as a class action pursuant to Fed. R. Civ. P. 23 for all Pennsylvania residents who worked as home health Clinicians for Defendant at any point

during the maximum limitations period (the "PMWA class").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that claims under the FLSA: "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania claim pursuant to 28 U.S.C. § 1367 because this claim arises from the same occurrence or transaction as Plaintiff's FLSA claim and is so related to this claim as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, Plaintiff worked for Defendant in this District, Plaintiff suffered the losses at issue in this District, Defendant has significant business contacts in this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District and actions and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

8. Plaintiff Stephanie Higgins is a resident of the Commonwealth of Pennsylvania who resides in Luzerne County, PA. From September 4, 2012 to September 27, 2016, Plaintiff worked as a Registered Nurse for Defendant, performing home health care services in this District. Defendant paid Plaintiff on a combined "per-visit" / hourly basis that did not include the payment of any overtime premium wages for any of the work she performed beyond forty hours in any workweek. As a result, Plaintiff is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

9. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

10. Bayada Home Health Care, Inc. ("Defendant") is a limited liability corporation with its headquarters located at 290 Chester Avenue in Moorestown, N.J. Defendant's core business involves the provision of home health care services in at least 22 states, including Pennsylvania. As discussed more fully below, Defendant is directly responsible for the operation of its home health care business, and for the policies, practices, and conduct at issue in this case.

## BACKGROUND FACTS

11. This action arises out of Defendant's systematic, company-wide wrongful classification of Plaintiff and other similarly-situated home health Clinicians as exempt from the overtime compensation requirements of the FLSA and PMWA. The affected employees worked for Defendant as Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, Medical Social Workers and in other similarly-designated skilled care positions (collectively "Clinicians"), whose primary duties involved providing health care services to patients in their homes.

12. For an employer to properly designate an employee as exempt from statutory overtime compensation requirements, it must affirmatively establish that the employee performs job duties that meet one of the statutorily-defined exemptions and that the employee is paid on either a salary-basis or a fee-basis.

13. Plaintiff's claims are based on Defendant's uniform determination to pay all of its Clinicians pursuant to a hybrid pay scheme that included fixed, per-visit payments for some work, hourly payments for other work and no compensation at all for other required tasks.

14. Defendant paid Plaintiff and its other Clinicians on a "productivity point" system for the time they spent providing care and treatment in patients' homes. This system was based

on a matrix that, for example, attributed one point for a routine home visit, one point for an evaluation visit, 1½ points for a recertification visit or a resumption of care visit, and two points for a "start-of-care" visit. At the time of her separation from Defendant, Plaintiff earned $41.75 for each productivity point she accumulated.

15. Defendant paid Plaintiff and its other Clinicians on an hourly basis for the time they spent in staff meetings, professional training sessions, "new employee orientation program", "in-office training" and orientation meetings, "shadowing with one of our experienced clinicians" and on "in-service" educational programs. Plaintiff was paid about $25.00 per hour for these tasks.

16. Defendant did not pay Plaintiff and its other Clinicians for a wide array of other work-related tasks they were required to perform on a regular basis, including: preparing for patient visits, communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters, coordinating patient care with other providers, travelling between patients' homes, documenting information from patient visits ("charting"), or ordering, organizing and retrieving equipment and supplies used during their home visits.

17. Defendant's hybrid pay scheme does not meet either the salary-basis requirement or the fee-basis requirement, meaning that Defendant had no valid basis to classify Plaintiff, or any other Clinician, as overtime exempt and, therefore, wrongly deprived these employees of legally-required overtime wages.

18. Defendant routinely suffered and permitted Plaintiff and its other Clinicians to spend more than forty hours per workweek on the various work-related tasks described above.

19. Defendant did not maintain accurate contemporaneous records of all the hours Plaintiff and its other Clinicians worked, and did not require any Clinician, including Plaintiff, to maintain such records.

20. Defendant knew that Plaintiff and its other Clinicians were working more than 40 hours per week, because it assigned the work they performed; it tracked their performance of this work; and it required all Clinicians to complete extensive paperwork detailing their work and when it was completed.

21. Defendant knew that Plaintiff and its other Clinicians should have been classified as non-exempt employees because it was responsible for implementing and managing the compensation system that paid them on a per-visit basis for certain work, on an hourly basis for other work and no wages at all for other required tasks.

## FLSA COLLECTIVE ACTION ALLEGATONS

22. Plaintiff brings this claim on a collective basis pursuant to 29 U.S.C. § 216(b) for all people who worked as home health Clinicians for Defendant at any point during the maximum limitations period (the "FLSA class").

23. Plaintiff belongs to the FLSA class she seeks to represent, because:

    a. She worked as a home health Clinician for Defendant during the relevant period and had similar job duties to the other class members;

    b. She received the same training from Defendant and was required to comply with the same wage and hour policies;

    c. Defendant classified her as exempt from statutory overtime compensation requirements;

    d. Plaintiff's wages were calculated and paid based on Defendant's hybrid pay scheme that included fixed, per-visit payments for some work, hourly payments for other work, and no compensation at all for other required tasks;

    e. Defendant routinely suffered and permitted Plaintiff to work more than forty hours per workweek;

  f. Defendant did not maintain accurate contemporaneous records of all the hours Plaintiff worked, and did not require any Clinician, including Plaintiff to maintain such records;

  g. Defendant knew Plaintiff was working more than 40 hours per week, because it assigned the work she performed, tracked her performance of this work and required her to complete extensive paperwork detailing her work and when it was completed; and

  h. Defendant did not pay Plaintiff any overtime premium wages for any of the work she performed beyond forty hours in any workweek.

24. Although Plaintiff and the FLSA class members may have worked in different states or under different managers, this action may be properly maintained as a collective action because, among other things:

  a. They worked under the same material terms and conditions of employment;

  b. They were all classified as exempt from statutory overtime wage requirements;

  c. They performed the same job duties and had the same job-related responsibilities;

  d. They received common training about their employment and the wage and hour policies and practices at issue here;

  e. they were governed by the same timekeeping policies, practices and systems;

  f. they were governed by the same compensation policies, practices and systems;

g.  they were governed by the same policies, practices and systems concerning work hours and the performance of their work; and

h.  they were governed by the same policies, practices and systems concerning overtime hours and wages.

25. Plaintiff and the FLSA class members do not meet any test for exemption under the FLSA.

26. Plaintiff estimates that the FLSA class, including both current and former employees over the relevant period, will include thousands of members. The precise number of FLSA class members will be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

27. Plaintiff brings her PMWA claim as a class action pursuant to Fed. R. Civ. P. 23 for all Pennsylvania residents who worked as home health Clinicians for Defendant at any point during the maximum limitations period (the "PMWA class").

28. Plaintiff belongs to the Class she seeks to represent because she:

a.  Is a resident of Pennsylvania;

a.  Worked under the same material terms and conditions of employment as the PMWA class members;

b.  Was classified as exempt from statutory overtime wage requirements like the PMWA class members;

c.  Performed the same job duties and had the same job-related responsibilities as the PMWA class members;

   d. Received the same training about her employment and the wage and hour policies and practices at issue here as the PMWA class members;

   e. Was governed by the same timekeeping policies, practices and systems as the PMWA class members;

   f. Was governed by the same compensation policies, practices and systems as the PMWA class members;

   g. Was governed by the same policies, practices and systems concerning work hours and the performance of their work as the PMWA class members; and

   h. Was governed by the same policies, practices and systems concerning overtime hours and wages as the PMWA class members.

  29. Plaintiff's claims for violation of the PMWA may be maintained as a class action because the putative class members are so numerous that their joinder would be impracticable. Over the relevant period, Defendant is believed to have employed at least several hundred Clinicians in Pennsylvania. The exact number of class members will be determined from Defendant's payroll records through the discovery process.

  30. This action may be properly maintained as a class action because there are material questions of law or fact common to the PMWA class members that predominate over any individual issues, including:

   a. Whether the PMWA class members were classified as exempt from statutory overtime requirements;

   b. Whether the PMWA class members routinely spent more than forty hours per workweek on work-related tasks;

      c.    Whether the PMWA class members were paid pursuant to a hybrid pay scheme that included fixed, per-visit payments for some work, hourly payments for other work, and no compensation at all for other required tasks;

      d.    Whether Defendant maintained accurate contemporaneous records of all the hours the PMWA class members worked or required them to maintain such records;

      e.    Whether Defendant's hybrid pay scheme meets either the salary-basis requirement or the fee-basis requirement;

      f.    Whether the PMWA class members should have been properly classified as non-exempt from statutory overtime requirements;

      g.    Whether Defendant's hybrid pay scheme wrongly deprived the PMWA class members of legally-required overtime wages;

      h.    whether the PMWA class members can state a claim under the PMWA for unpaid overtime work;

      i.    whether the PMWA class members are entitled to compensatory damages, interest, or attorneys' fees and costs on their PMWA claim; and

      j.    Whether Defendant raises defenses common to all PMWA class members.

31.    This action may be properly maintained as a class action because Plaintiff's PMWA claim is typical of the claims belonging to the PMWA class members in that they are similarly-situated employees who performed similar work under similar terms, conditions, policies and practices and, as a result, have been similarly harmed.

32.    This action may be properly maintained as a class action because Plaintiff will fairly and adequately assert and protect the interests of the PMWA class members as follows:

  a. there is no apparent conflict of interest between Plaintiff and the PMWA class members;

  b. Plaintiff's attorneys have significant experience in the litigation of complex civil and class action matters in this Court, and will adequately represent the interests of the PMWA class members; and

  c. Plaintiff has access to adequate financial resources to assure that the interests of the PMWA class members will not be harmed because, consistent with the Pennsylvania Rules of Professional Conduct, Plaintiff's counsel have agreed to advance the costs and expenses of this litigation contingent upon the outcome of the case.

33. This action may be properly maintained as a class action because it will provide a fair and efficient method for adjudication of the issues presented by this controversy as follows:

  a. common questions of law or fact predominate over any questions affecting only individual members, as Plaintiff seeks to remedy a common legal grievance, namely Defendant's failure to pay overtime wages owed to similarly-situated employees who worked as a Clinician providing home health care services in Pennsylvania;

  b. no difficulties are likely to be encountered in the management of this litigation as a class action, given that Defendant's business records will assist in identifying the PMWA class members and verifying the amount of their claims;

  c. this forum is particularly appropriate for adjudicating these claims as this Court has significant experience with class action litigation; and

   d. the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

  34. Allowing Plaintiff's Pennsylvania wage law claims to proceed as a class action will be superior to requiring individual adjudications of each PMWA class member's claim, since requiring hundreds of similarly-situated employees to file and litigate individual wage claims will unavoidably cause an undue burden on Defendant, its employees and this Court.

**COUNT I**
**VIOLATION OF THE FLSA**
**(for the proposed multi-state collective)**

  35. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

  36. Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

  37. The wages Defendant paid to Plaintiff and the FLSA class members are "wages" as defined by 29 U.S.C. § 203(m).

  38. Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

  39. Plaintiff and the FLSA class members are "employees" as defined by 29 U.S.C. § 203(e)(1).

  40. Plaintiff and the FLSA class members are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

  41. 29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, non-exempt employees must be paid an overtime premium rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

42. 29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work their employees perform.

43. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with its requirements.

44. Throughout the relevant period, Defendant was obligated to comply with the FLSA's requirements, Plaintiff and the FLSA class members were covered employees entitled to the FLSA's protections, and Plaintiff and the FLSA class members were not exempt from receiving wages required by the FLSA for any reason.

45. Defendant violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly classifying Plaintiff and the FLSA class members as exempt from the FLSA's overtime pay provision despite knowing that its hybrid wage scheme does not meet either the salary-basis requirement or the fee-basis requirement.

46. Defendant violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly suffering or permitting Plaintiff and the FLSA class members to regularly work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40.

47. Defendant violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to pay Plaintiff and the FLSA class members any wages for a wide array of work-related tasks they were required to regularly perform, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters; coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); and ordering, organizing, or retrieving equipment and supplies to be used during their home visits.

48.	Defendant violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff and the FLSA class members worked.

49.	Plaintiff and the FLSA class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime wages owed for work they performed from which Defendant derived a direct and substantial benefit.

50.	Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the FLSA class members all wages mandated by the FLSA.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.	Approving this matter to proceed as a collective action with respect to Count I;

b.	Appointing Stephan Zouras LLP to serve as Class Counsel;

c.	Requiring Defendant to provide the names and current (or best known) mailing and e-mail addresses of all FLSA class members;

d.	Authorizing Class Counsel to issue a notice informing the FLSA class members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

e.	Finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required overtime wages to Plaintiff and the FLSA class members;

f.	Granting judgment in favor of Plaintiff and the FLSA class members on Count I;

  g. Awarding all available compensatory damages in an amount to be determined;

  h. Awarding liquidated damages in an amount to be determined;

  i. Awarding pre-judgment interest on all compensatory damages due;

  j. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

  k. Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

  l. Awarding any further relief the Court deems just, necessary and proper;

  m. Granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

  n. Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## COUNT II
## VIOLATION OF THE PMWA
## (for the Pennsylvania class)

51. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52. The unpaid wages at issue in this litigation are "Wages" as defined by MWA § 3(d).

53. Defendant is an "Employer" as defined in MWA § 3(g).

54. Plaintiff and the PMWA class members are "Employees" as defined by MWA § 3(h).

55. MWA § 4(a.1) requires an employer to pay its employees at least the federal minimum wage rate for all hours worked.

56. MWA § 4(c) and the applicable enabling Regulations found at 34 Pa. Code § 231.42 state that employees shall be paid for all hours worked in excess of 40 hours per week at a rate not less than 1½ times their regular rate of pay.

57. MWA § 8 requires employers to keep a true and accurate record of the hours worked by each employee.

58. MWA § 13 expressly allows private plaintiffs to bring a civil action to enforce an employers' failure to comply with the MWA's requirements.

59. MWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

60. Throughout the relevant period, Defendant was obligated to comply with the PMWA's requirements, Plaintiff and the PMWA class members were covered employees entitled to the PMWA's protections, and Plaintiff and the PMWA class members were not exempt from receiving wages required by the PMWA for any reason.

61. Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly classifying Plaintiff and the PMWA class members as exempt from the PMWA's overtime pay provision despite knowing that its hybrid wage scheme does not meet either the salary-basis requirement or the fee-basis requirement.

62. Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly suffering or permitting Plaintiff and the PMWA class members to regularly work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40.

63. Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly failing to pay Plaintiff and the PMWA class members any wages for a wide array of work-related tasks they were required to regularly perform, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters; coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); and ordering, organizing, or retrieving equipment and supplies to be used during their home visits.

64. Defendant violated the PMWA and acted with reckless disregard of clearly applicable PMWA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff and the PMWA class members worked.

65. Plaintiff and the PMWA class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendant derived a direct and substantial benefit.

66. Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff and the PMWA class members all wages mandated by the PMWA.

WHEREFORE, Plaintiff respectfully prays for an Order:

 a. Certifying this matter to proceed as a class action with respect to Count II;

 b. Appointing Stephan Zouras LLP to serve as Class Counsel;

 c. Approving Plaintiff as an adequate Class representative;

      d.      Requiring Defendant to provide the names and current (or best known) mailing and e-mail addresses of all PMWA class members;

      e.      Authorizing appropriate notice to the PMWA class members;

      f.      Finding that Defendant willfully violated the applicable provisions of the PMWA by failing to pay all required overtime wages to Plaintiff and the PMWA class members;

      g.      Granting judgment in favor of Plaintiff and the PMWA class members on Count II;

      h.      Awarding all available compensatory damages in an amount to be determined;

      i.      Awarding pre-judgment interest on all compensatory damages due;

      j.      Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

      k.      Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

      l.      Awarding any further relief the Court deems just, necessary and proper; and

      m.      Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully Submitted,

Dated: November 30, 2016

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836

James B. Zouras (*pro hac* forthcoming)
Ryan F. Stephan (*pro hac* forthcoming)
Teresa M. Becvar (*pro hac* forthcoming)
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f

*Attorneys for Plaintiff*