**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHANIE HIGGINS,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:16-2382** |
| **v.** | : | **JUDGE MANNION** |
| **BAYADA HOME HEALTH CARE, INC.,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

Pending before the court is the plaintiffs' motion for conditional certification and issuance of notice under 29 U.S.C. §216(b). (Doc. 48). The plaintiff seeks conditional certification pursuant to the Fair Labor Standards Act, ("FLSA"), of a collective action consisting of

> All persons who worked as home health Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, or Medical Social Workers for Defendant at any location in the United States, were classified as exempt employees and were not paid overtime wages for hours worked beyond forty (40) per workweek during a period from three years prior to the entry of the conditional certification until the date of final judgment in this matter (hereinafter "Clinicians").

In addition, the plaintiff seeks court-authorized notice of the collective action to said Clinicians.

Certification of a plaintiff's collective action on behalf of "other employees similarly situated" pursuant to §216(b) proceeds in two steps: (1) conditional certification and (2) final certification. Zavala v. Wal Mart Stores,

Inc., 691 F.3d 527, 535-36 (3d Cir. 2012). At step one, the plaintiff must make a "modest factual showing" that the putative opt-in employees may be provisionally categorized as similarly situated to the named plaintiffs for the purpose of "facilitat[ing] the sending of notice to potential class members" and the conducting of pre-trial discovery. Id. at 536 (citations omitted). The plaintiff's burden at step one is a "fairly lenient standard" requiring the production of "some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy" affected the named plaintiffs and those asserted to be similarly situated. Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013) (citations omitted); Zavala, 691 F.3d at 536 n.4 (citations omitted).

Upon consideration of the plaintiff's motion and materials, as well as the defendants response thereto, and the plaintiff's reply brief, the court finds that the plaintiff has produced sufficient evidence that the putative opt-in employees may be similarly situated to justify granting conditional certification. The court concludes that the evidence produced by the plaintiffs, including the declarations of the plaintiff and ten opt-in plaintiffs from four states who worked as Clinicians in the job titles at issue, is sufficient to warrant conditional certification of a nationwide collective action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's motion for conditional certification and

issuance of notice under 29 U.S.C. §216(b), **(Doc. 48)**, is **GRANTED**.

**(2)** The court will approve the issuance of the notice which includes the following description of the proposed class:

> [A]ny persons who, at any time from [three years back from the date of this order] to the present, were employed by Defendant as Home Health Care Clinicians (Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists and Medical Social Workers), were classified as exempt from the overtime provisions of the FLSA, were not paid overtime wages for hours worked beyond 40 per workweek, and who have not already had their claims for unpaid overtime wages previously adjudicated.

**(3)** In order to facilitate identification of putative collective class members, the defendant, within **fourteen (14) days** of the date of this order shall serve the plaintiffs' counsel with a computer-readable data file containing the names, addresses, and dates of employment[1] for all persons who worked as home health clinicians for defendant, were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours

---

[1]The plaintiffs had also requested telephone numbers, e-mail addresses, social security numbers and dates of birth for these individuals. However, the court notes that the provision of such information is not necessary to accomplish effective notice to potential opt-in plaintiffs.

in workweeks during the three years preceding the date of this order.

**(4)** The plaintiffs' proposed form of Class Notice is approved.

**(5)** The plaintiffs are authorized to send the Class Notice, at their expense, by First Class Mail to all members of the FLSA Class to inform them of their right to opt-in to this lawsuit and to send a reminder notice **twenty (20) days** before the end of the opt-in period.[2]

**(6)** The FLSA Class members shall have **seventy-five (75) days** from the notice mailing date to opt-in to this litigation.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 11, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-2382-07.wpd

[2]The plaintiffs' had also requested that notice be sent by e-mail and be posted at a location in each of the defendant's local offices where members of the class are likely to see it. However, there is no indication that notice by First Class mail alone would be insufficient.