`UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHANIE HIGGINS**, for herself and others similarly situated, | : : | |
| Plaintiffs | : : | CIVIL ACTION NO. 3:16-2382 |
| v. | : : | (JUDGE MANNION) |
| **BAYADA HOME HEALTH CARE, INC.**, | : : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is the plaintiff Stephanie Higgins's ("Higgins") motion for leave to amend her complaint. (Doc. 82). For the reasons set forth below, the motion shall be **GRANTED**.

### I. BACKGROUND

On November 30, 2016, Higgins filed a collective and class action complaint against defendant Bayada Home Health Care, Inc. ("Bayada"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201-219, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101-333.115. (Doc. 1). Following a case management conference, on February 8, 2017, the court issued a

scheduling order setting April 30, 2017, as the final date for the amendment of pleadings. (Doc. 37).

On May 1, 2017, Higgins filed a motion for conditional certification and issuance of notice under 29 U.S.C. §216(b). (Doc. 48). After briefing, the parties filed a joint motion to stay the case pending the court's decision on certification. (Doc. 58). On May 11, 2018, the court granted Higgins's motion for conditional certification, authorized the issuance of the notices of the collective action, and ordered that the FLSA class members had seventy-five days from the mailing date of the class notice to opt-in to this litigation. (Doc. 61). On October 11, 2018, Higgins filed the present motion for leave to amend her complaint to add six state law minimum wage claims, as well as six additional named plaintiffs. (Doc. 82). Bayada has opposed the motion (Doc. 89), and Higgins filed a reply brief. (Doc. 95).

This court ordered the parties to submit supplemental briefs addressing whether the statute of limitations has run on each of the state law claims that the Higgins seeks to add, and if so, whether the state law claim "relates back" to the original complaint under Federal Rule of Civil Procedure 15(c). (Doc. 107). Higgins submitted a supplemental brief on February 11, 2019, (Doc. 108), and Bayada submitted its supplemental brief on February 25, 2019. (Doc. 109). The motion is now ripe for this court's disposition.

## II. LEGAL STANDARD

Amendments to a pleading prior to trial may only occur within twenty-one days of service, with the opposing party's written consent, or the court's leave. Fed.R.Civ.P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Third Circuit has embraced a liberal approach to granting leave to amend to ensure that "particular claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 486-87 (3d Cir. 1990). Nevertheless, the court may deny a motion to amend in the absence of substantial or undue prejudice because of bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. *Heyl & Patterson Int'l, Inc., v. F.D. Rich Housing of V.I., Inc.,* 663 F.2d 419, 415 (3d Cir. 1981).

However, "when a party seeks leave to amend its pleadings after the deadline for amendment has passed, the court must conduct a threshold 'good cause' inquiry under Rule 16 prior to conducting an analysis under Rule 15." *Lee v. Park*, No. 12-CV-7437, 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015). Modification of a scheduling order requires good cause and the judge's consent. Fed.R.Civ.P. 16(b)(4). In instances where a scheduling order governs the amendment of pleadings, the lenient standard of Rule

15(a)(2) "yields to the good cause requirement" of Rule 16(b). *Lee v. Park*, 720 F.App'x 663, 669 (3d Cir. 2017).

"'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price v. Trans Union, LLC*, 737 F.Supp.2d 276, 279 (E.D.Pa. 2010). Where "the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent." *Id*. at 280. "If the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 701 (E.D.Pa. 2007). To demonstrate "good cause" under Rule 16, "the moving party must show that it could not have reasonably met the deadlines set forth in the scheduling order." *Lee*, 2015 WL 1523066, at *2.

"As the contrast between Rule 15(a) and Rule 15(c) makes clear, however, the speed with which a plaintiff moves to amend [the] complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

Pursuant to Rule 15(c)(1), amendments to a pleading may relate back to the date of the original pleading where

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(A)-(C). Relation back is structured "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550. "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2012). Relation back cannot unfairly prejudice the defendant but should be permitted if "plaintiffs have not slept

on their rights." *Nelson v. City of Allegheny,* 60 F.3d 1010, 1014 (3d Cir. 1995).

**III. DISCUSSION**

Here, the court will first analyze whether amendment is appropriate under Rule 16(b) and Rule 15(a) before considering whether the new claims should relate back to the filing of the original complaint under Rule 15(c).

### a. Rule 16(b) Good Cause Requirement

Here, Higgins has diligently pursued discovery and filed opt in notice forms with this court since filing the complaint. During the opt in period, Higgins indicates that she learned of additional class members from various states, including the six states named in her proposed amended complaint. Higgins then promptly filed the instant motion to amend on October 11, 2018, within two days of the close of the opt in period on October 9, 2018.

Nevertheless, Bayada argues that Higgins was not diligent, particularly with respect to the New Jersey state law claim. Specifically, Bayada argues that Higgins discovered class members from New Jersey as early as three weeks after filing the complaint, since Higgins filed four opt-in forms from New Jersey plaintiffs between December 20, 2016, and February 10, 2017.

(Doc. 18, Doc. 30, Doc. 35, Doc. 38). Thus, Bayada argues that, contrary to her assertion that she could not have ascertained the New Jersey plaintiffs and claims until the court's May 11, 2018 order granting conditional certification, Higgins was aware of the potential New Jersey law claims well before the court-ordered April 30, 2017 deadline, but she nonetheless failed to add such a claim until October 11, 2018.

Conversely, Higgins argues that even if her receipt of the New Jersey opt-in notices communicated the viability of a New Jersey state law action—which she contends that it did not—delay alone does not justify denying a motion to amend. In support, she cites, among others, *Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30 (N.D.N.Y. 2009), wherein the court held that it was not unreasonable for the plaintiffs to wait until the close of the opt-in period to move to amend their complaint, which sought to add state law claims, in order to avoid being placed in the "unenviable" position of having to amend a second time. *Id.* at 34.

The court agrees with Higgins. Significantly, the opt-in notices do not contain the individuals' addresses and nothing in the notices that Bayada references identifies those individuals as New Jersey citizens. Therefore, there is no evidence that Higgins presumptively knew of the potential New

Jersey claims upon receipt of the New Jersey plaintiffs' opt-in notices. To the contrary, Higgins "could not actually know the entire scope of potential plaintiffs [including the New Jersey plaintiffs] until notice [was] issued to the nation-wide collective, until those potential plaintiffs opted in, and until the opt-in period finally closed." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014)

Accordingly, although Higgins seeks to amend the complaint after the court-ordered deadline of April 30, 2017, the court finds there is good cause to amend the scheduling order because Higgins acted diligently in pursuing discovery and moved for leave to amend within two days of the close of the seventy-five-day opt-in period, during which she discovered these additional claims.

### b. Rule 15(a): Bad Faith or Undue Delay

Having found that the good cause requirement under Rule 16(b) is satisfied, the question becomes whether amendment is appropriate under Rule 15(a). *See Eastern Minerals Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming a district court's order which held that a plaintiff seeking to amend after a deadline in the court's scheduling order must

demonstrate diligence under Rule 16(b) before seeking amendment under Rule 15(a)).

The standard to grant leave to amend is liberal, as "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party[,]" the court retains the discretion to deny a request to amend. *Fraser v. Nationwide Mutual Insurance Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

Here, Bayada argues that it would be prejudiced if Higgins were permitted to file the amended complaint, which, it emphasizes, she seeks to do nearly two years after the filing the original complaint on November 30, 2016. Bayada asserts that Higgins had not filed the other state law claims as of November 30, 2016, because she had no standing to bring them at that time and, thus, the statute of limitations was not tolled as of that date. Bayada contends Higgins's request to add these state law claims would function to improperly toll the statute of limitations from the filing date of the original complaint nearly two years ago.

Conversely, Higgins contends that Bayada will not be prejudiced by the addition of these state law claims because they involve the same basic facts and legal theories as in her original complaint. Further, Higgins argues that the alternative of filing additional separate lawsuits would be "grossly inefficient, inequitable[,] and could lead to duplicative litigation and inconsistent results." ([Doc. 83, at 4](Doc. 83, at 4)).

Here, given the Third Circuit's liberal approach to granting leave to amend, the court will permit Higgins to amend her complaint pursuant to Rule 15. Although Bayada observes this proposed amendment comes approximately two years after the original complaint, Bayada has not demonstrated that Higgins acted in bad faith or with undue delay and, furthermore, the mere passage of time is does not require a denial of leave to amend under Rule 15(a). *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). It is only when the delay is undue that will justify the denial of leave to amend.

"Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Estate of Oliva* ex rel. *McHugh v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010). Here, after the court granted conditional certification in May 2018, Higgins sent the

notice to potential class members in July 2018. As noted above, it was only upon the close of the opt-in period that Higgins discovered the additional plaintiffs and state law claims, which she formally sought to add to the complaint just two days later. Accordingly, the court cannot conclude there was any undue delay in Higgins's present motion for leave to amend.

Similarly, Bayada has not demonstrated sufficient prejudice such that the denial of leave to amend is appropriate here. Bayada argues that the addition of the six party plaintiffs and the respective state law claims is unduly prejudicial because Bayada was not put on notice of additional state claims. While the addition of the state law claims is somewhat prejudicial, Bayada has not identified any reason as to why it would be *substantially* prejudiced by the amendment, particularly where Higgins filed this suit as a collective and class action complaint from the start and alleged that the action arose out of Bayada's "systematic, company-wide wrongful classification of [Higgins] and other similarly-situated home health Clinicians," and that "[Bayada]'s core business involves the provision of home health care services in at least 22 states, including Pennsylvania." (Doc. 1, at 3). Thus, Bayada was at least peripherally aware of, if not anticipating, the potential

for Higgins to raise additional claims under the laws of the states where Bayada operates.

Moreover, this case is still in the early stages of litigation and Bayada does not argue that amendment would result in additional discovery, cost, or preparation to defend against new facts or theories. Furthermore, the need for additional discovery, in and of itself, does not necessarily warrant denial of leave to amend a pleading, particularly where, as here, the parties are still in the preliminary stages of discovery. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (holding that the plaintiff's claims of prejudice due to the possibility of some additional discovery and the need to redraft a motion for summary judgment were insufficient to deny leave to amend); *Kuhn v. Philadelphia Elec. Co.*, 85 F.R.D. 86, 88 (E.D.Pa. 1979) (denying leave to amend where discovery had been completed and amendment would require additional discovery). Therefore, the court finds that amendment of the complaint is permissible under 15(a).

### c. Rule 15(c) Relation Back

As the court stated in *Henkel v. Highgate Hotels, LP*, No. 3:15-CV-1435, 2018 WL 5886542 (M.D.Pa. Nov. 9, 2018),

Relation back of claims in amended pleadings is typically governed by [] Rule15(c)(1) . . . . However, the relation back of claims by additional plaintiffs in a putative class action is governed by Rule 15(c)(1)(B). Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.

The practical treatment of amendments in FLSA collective actions [with regard to relation back, is] handled somewhat differently, as FLSA collective actions are distinct from Rule 23 class actions, and a specific statutory provision read in tandem with the FLSA statute of limitations lists certain requirements for recognizing the "commencement" of the action. 29 U.S.C. §256. In FLSA collective actions, putative collective plaintiffs must "opt-in" to a collective, whereas in Rule 23 class actions, putative class plaintiffs must "opt-out" from the class. *See Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 184-86 (M.D.Pa. 2008) (describing the differences between an FLSA collective action and a Rule 23 class action). To add further complexity, the FLSA's statute of limitations distinguishes individual plaintiffs bringing FLSA actions from "individual claimants" to a FLSA collective action. For an individual plaintiff in an FLSA action, the action is commenced for statute of limitation purposes "on the date when the complaint is filed," but for "any individual claimant" in an FLSA collective action, the action commences:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

> (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.
>
> 29 U.S.C. §256 [emphasis omitted]. Courts in the Third Circuit have thus ruled that in a collective action, an amended complaint can relate back pursuant to Rule 15, but that the date an individual claimant's action commences is when that claimant's consent was filed with the court.

*Henkel*, 2018 WL 5886542, at *2-3 (some internal citations and quotation marks omitted).

Here, as in *Henkel*, the issue of the relation back of the claims of the new plaintiffs is not particularly well-developed despite the court's request for supplemental briefing. Bayada argues that, while Higgins initially took the position in her reply brief that she did not desire for the claims to relate back because two of the proposed plaintiffs were not employed by Bayada until after the original complaint was filed, in her supplemental briefing, her position is not so clear. In her supplemental brief, Higgins maintains that the new claims are timely but asserts that, even if they were not, they would relate back because they arose out of the same conduct, transaction, or occurrence set out in the original complaint.

Regardless of Higgins's alternative, hypothetical argument, given her representation that she does not seek to have the new plaintiffs' claims relate back, the court will hold that the claims of the additional named plaintiffs do not relate back to the filing date of the original complaint.[1] It should be noted, however, that today's ruling does not bear on whether the claims of the additional plaintiffs are barred by an applicable statute of limitations or an affirmative defense, as that issue is more appropriately reserved for disposition by the court upon a motion to dismiss or at summary judgment.

---

[1] In her reply brief, Higgins specifically states, "Here, Plaintiff has not moved to have the new state-law Plaintiffs' claims relate back to the original Complaint filing date. . . . The most obvious reason Plaintiff has not sought this relief is that two of the proposed Named Plaintiffs, Shelley Neal and Yvette Marshall, were not employed by Bayada until <u>after</u> the original Complaint was filed." ([Doc. 95, at 6](Doc. 95, at 6)) (emphasis in original).

## IV. CONCLUSION

For the reasons set forth above, Stephanie Higgin's motion for leave to amend her complaint, ([Doc. 82)](#), will be **GRANTED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 2, 2019**
16-2382-01