**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHANIE HIGGINS, MEGHAN TANEYHILL, SHIELA LEVESQUE, MARGARET MAGEE, SHERRI KRAMER, SHELLY NEAL, and YVETTE MARSHALL, for themselves and all others similarly situated, | : | Civil No. 3:16-CV-02382 |
| Plaintiffs, | : | |
| v. | : | |
| BAYADA HOME HEALTH CARE, INC., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are two related motions filed by Defendant Bayada Home Healthcare Services, Inc. ("Bayada"): a motion to stay discovery and for leave to file a summary judgment motion on a threshold legal issue, Doc. 137, and a motion for a protective order staying depositions of six fact witnesses pending summary judgment on the threshold legal issue, Doc. 141. For the reasons that follow, the request for leave to file a motion for summary judgment is granted, while the requests for a stay of discovery and for a protective order are denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Stephanie Higgins ("Higgins") initiated this action by filing a collective and class action complaint against Bayada on behalf of her herself and all others similarly situated on November 30, 2016. (Doc. 1.) On May 11, 2018,

the court granted Higgins's motion for conditional certification and notice under 29 U.S.C. § 216(b). (Doc. 61.) On October 11, 2018, Higgins sought leave to amend the complaint to add additional named plaintiffs and assert state law Rule 23 class claims under the overtime laws of New Jersey, Massachusetts, Maryland, Colorado, Arizona, and North Carolina. (Docs. 82, 83.) Bayada opposed the motion and the court subsequently requested supplemental briefing by the parties. (Docs. 89, 95, 107, 108, 109.) On December 2, 2019, the court granted Plaintiff Higgins's motion to amend. (Docs. 130, 131.) That same day, Higgins filed an amended complaint which included additional named Plaintiffs – Meghan Taneyhill, Shiela Levesque, Margaret Magee, Sherri Kramer, Shelly Neal, and Yvette Marshall (collectively, "Plaintiffs") – and six state law minimum wage claims in states where Bayada operates.[1] (Doc. 132.) Thereafter, Bayada timely filed an answer to the amended complaint. (Doc. 133.) On December 3, 2019, this matter was reassigned to the undersigned.

According to the allegations in the amended complaint, Plaintiffs are former "clinician" employees of Bayada. (Doc. 132, ¶ 8.) Higgins represents a conditionally certified class of Plaintiffs who allege that Bayada is illegally classifying clinician employees as overtime exempt under the Fair Labor Standards Act ("FLSA"), and improperly denying them overtime pay. (*Id.* ¶ 1.) The other

[1] Plaintiffs have yet to move for certification on these classes.

named Plaintiffs represent putative classes under numerous related state laws based on the same claims. (*Id.* ¶ 4.) Particularly, Plaintiffs allege that Bayada uses a "hybrid wage scheme" through which hours worked are estimated by "productivity points" and clinician compensation is adjusted based on the number of points earned in a week, thus approximating an hourly wage system while calling such employees "salaried" for the purposes of the FLSA. (*Id.* ¶ 1.)

On January 8, 2020, Bayada filed a motion, with Plaintiffs' concurrence, requesting an in-person status conference with the court to discuss timing and parameters for discovery relating to the new claims and Plaintiffs that were added in the amended complaint, as well as options for moving forward with the original FLSA opt-in class. (Doc. 134.) The court granted the parties' request and scheduled a status conference for January 29, 2020. (Doc. 135.)

Plaintiffs filed a status report prior to the conference advising the court that Bayada unilaterally cancelled six fact witness depositions. (Doc. 136.) Bayada filed a response to Plaintiffs' status report along with the instant motion to stay discovery and for leave to file a summary judgment motion. (Docs. 137, 138.) Bayada requests leave to file a motion for summary judgment which would substantially narrow the issues in this case, and for the court to stay all discovery until that motion can be ruled upon. (Doc. 137.) Because Bayada filed its motion a day before the status conference, and Plaintiffs did not have the opportunity to

submit a response to the motion, the court did not address the motion at the status conference. Following the status conference, the court issued an order vacating the prior case management order, Doc. 129, and granting Bayada leave to file a motion for protective order in addition to its motion for stay. (Doc. 140.)

Bayada filed a motion for protective order on February 7, 2020, requesting that the court prevent Plaintiffs from deposing six fact witnesses pending the resolution of the motion for summary judgment Bayada requested to file. (Doc. 141.) Both motions filed by Bayada are fully briefed and ripe for disposition. (Docs. 137, 141, 142, 143, 144, 145, 146, 147.)

## DISCUSSION

### A. Motion to stay discovery and leave to file summary judgment

Bayada requests a stay of discovery and leave to file a motion for summary judgment on the "threshold issue" of "[w]hether Bayada's company-wide pay policies and practices in regard to its Clinicians violate the 'salary basis' requirements of the FLSA." (Doc. 143, p. 6.) Bayada wants to file this early summary judgment motion without prejudice to filing later dispositive motions to address the putative Rule 23 state-law claims. (*Id.*)

As to leave to file a motion for summary judgment, Bayada requests that it be granted leave to file a motion for summary judgment on the issue of whether their clinician employees are appropriately classified as overtime-exempt under the

FLSA. (Doc. 143, p. 7, 15–16.) Bayada argues that this motion may significantly narrow the scope of this action because a ruling that the clinicians are exempt would eliminate Higgins's FLSA claims and may similarly affect the other Plaintiffs' state law claims. (*Id.* at 7–8, 15–16.) Plaintiffs argue that the question of whether Bayada's compensation plan complies with the FLSA's salary basis test is not a "threshold" issue in this litigation; rather, it is the ultimate merits issue that involves a mixed question of fact and law. (Doc. 145, p. 2.) Plaintiffs also argue that they will be prejudiced by their inability to bring their own dispositive motion at this juncture due to the one-way intervention rule. (*Id.* at 5–6.)

The court agrees with Bayada that the suggested motion for summary judgment may significantly narrow the scope of this case, if granted, and the court will permit Bayada to file such motion. Plaintiffs' contention that they will be prejudiced by the one-way intervention rule is not convincing. The one-way intervention rule provides that it is "unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 548 (1974). Federal Rule of Civil Procedure 23 requires that class certification be determined early in litigation to avoid potential one-way intervention, and "to assure that members of the class [are] identified before trial on the merits and [are] bound by all subsequent orders and judgments." *Id.* at 547. However, the Third Circuit

acknowledged that, as protection for a defendant, a defendant may waive this one-way intervention rule when the defendant agrees to a pre-class certification merits ruling. *Katz v. Carte Blanche Corp*, 496 F.2d 747, 762 (3d Cir. 1974); *see also Koehler v. USAA Casualty Ins. Co.*, No. 19-CV-715, 2019 WL 4447623, at *4 (E.D. Pa. Sept. 17, 2019). Here, Bayada is expressly waiving this protection by requesting leave to file a merits motion prior to class certification. Thus, the court will grant Bayada's request and permit it to file an early motion for summary judgment.[2]

Bayada also requests a stay of all discovery pending the resolution of their summary judgment motion. (Doc. 143, pp. 9–11.) Bayada asserts that Plaintiffs have all the necessary evidence to adequately defend Bayada's motion, which is potentially dispositive of the FLSA opt-in class and Higgins's state law claims. (*Id*.) Specifically, Bayada contends that the parties have completed "significant discovery" regarding the manner in which Bayada paid Higgins and the FLSA opt-in class. (*Id.* at 6, 13.) Bayada states that it has produced more than 100,000 pages of documents, including earning statements, payroll documentation, various reports, and its pay policies. (*Id*.) In addition, Bayada notes that Higgins deposed

[2] Bayada indicated, based on Higgins' pleadings, that a ruling as to overtime-exempt status under the FLSA would have a precedential effect on the same issue under Plaintiffs' various state law claims. The court recognizes that such a ruling may have that effect, but reserves judgment on that matter until it is properly before the court.

Bayada's 30(b)(6) witnesses, who testified extensively regarding Bayada's payroll practices and policies according to Bayada. (*Id*. at 5.) Bayada further posits that if they prevail, this will avoid expensive and burdensome discovery practice, while if the motion fails, Plaintiffs will not have suffered any prejudice as they will be able to continue discovery thereafter. (*Id*. at 12.) Requiring Bayada to engage in pre-certification discovery regarding the putative Rule 23 subclasses would purportedly prejudice Bayada because of the significant time and expense required. (*Id*. at 13–15.)

Conversely, Plaintiffs argue that they do not intent to seek such discovery until after class certification; rather, Plaintiffs seek limited discovery at this time, and they detail four specific categories. (Doc. 145, pp. 4–5.) Plaintiffs contend that this limited discovery will allow Plaintiffs to move for class certification so that the court can decide class certification and the ultimate liability issues at once. (*Id*. at 5.) Lastly, they submit that a stay of discovery is an extraordinary remedy that should not be granted. (*Id*. at 3, 7.)

Under Federal Rule of Civil Procedure 26(b)(2)(C), the court may limit discovery when either: (1) the requested discovery is unreasonably cumulative or duplicative; (2) information can be obtained in a more convenient, less expensive, or less burdensome way; (3) the party seeking discovery had ample opportunity to obtain the information earlier; or (4) the proposed discovery is outside the scope of

26(b)(1). The "[m]anagement of the discovery process is left to the discretion of the trying court, and a decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court." *N. Am. Commc'ns, Inc. v. InfoPrint Sol. Co.*, No. 3:08-CV-288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (citing *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)). The court is not obligated to grant a stay, but may choose to do so when the anticipated benefit to judicial economy outweighs the harm caused by the delay. *Id.*

Bayada has not shown that the specific, limited discovery requested by Plaintiffs is unreasonably burdensome or harassing under Rule 26(b)(2)(C). Plaintiffs are not seeking unfettered class-wide discovery on the merits at this juncture; rather, they are seeking discrete information pertaining to the six named Plaintiffs, six fact witness depositions regarding Bayada's pay practices, and updated data regarding the size of the conditionally certified class, and the putative state law classes. (Doc. 145, p. 5.) Plaintiffs assert that this is necessary information in order to address the issues which Bayada is attempting to raise on summary judgment. (*Id.*)

Beyond Bayada's generalized allegations that continuing discovery will cause them to "undertake significant time and expense," there is no evidence in the record that the burden imposed by Plaintiffs' specific requests outweighs

Plaintiffs' interest in having evidence relevant to the potentially dispositive motion for summary judgment threatened by Bayada. Therefore, Bayada's motion for a stay of discovery will be denied. However, Plaintiffs will not be permitted discovery beyond the scope of what they requested in their opposition brief, Doc. 145, p. 5, without good cause shown.

**B. Motion for protective order**

Bayada separately requests a protective order staying six fact witness depositions noticed by Plaintiffs under Federal Rule of Civil Procedure 26(c). (Doc. 141.) Bayada advances largely the same arguments in favor of its motion for protective order as it does for the motion to stay discovery. However, unlike the motion to stay, Rule 26(c) requires that Bayada show "good cause . . . to protect [them] from annoyance, embarrassment, oppression, or undue burden or expense."

Bayada asserts that the six depositions sought by Plaintiffs are not likely to produce any new information, and to the extent that they do, such information is not likely to be probative as to the "threshold" issue that Bayada wishes to address in its motion for summary judgment. (Doc. 142, p. 13–19.) Bayada further contends that requiring it to defend these six depositions throughout the country would be burdensome and highly prejudicial, whereas Plaintiffs would suffer no prejudice because they have not offered any compelling reason why additional discovery is required to oppose Bayada's motion for summary judgment. (Doc.

19–23.) In sum, Bayada argues that good cause exists for the protective order because the discovery requested is irrelevant and expensive. (*Id.* at 19–23.) In response, Plaintiffs argue that the six fact witness depositions of Bayada's directors and managers are relevant and proportional to the needs of this case. (Doc. 144, p. 14–18.) They further argue that Bayada has not met its burden of showing the need for a protective order under Rule 26(c).

The court is not persuaded that a protective order is appropriate in this case. At the outset, this motion requests essentially identical relief as the motion to stay discovery. The six fact depositions noticed by Plaintiffs fall within the scope of the limited discovery that the court is permitting. Given that the relief sought in the motion for protective order is essentially a subset of the relief sought in the motion to stay all discovery, and given that the court is denying the motion for stay, it would be contradictory to grant a protective order here. Furthermore, as Bayada acknowledges, it unilaterally cancelled the six fact witness depositions without taking the procedurally proper step of seeking a protective order. While Bayada contends that this was not done in bad faith, it was still an improper means to avoid discovery. Lastly, reviewing the merits of this motion, the court finds that Bayada has not shown good cause to protect it from undue burden or expense. Accordingly, the court will deny Bayada's motion for protective order.

## CONCLUSION

For the reasons stated herein, Bayada's motion to stay discovery and for leave to file a summary judgment motion, Doc. 137, will be granted in part and denied in part, and Bayada's motion for a protective order, Doc. 141, will be denied. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 15, 2020